2023 PA Super 226

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EZRA WEITZEL | : | |
| | : | |
| Appellant | : | No. 555 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 1, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003617-2021

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

OPINION BY COLINS, J.:            **FILED: NOVEMBER 6, 2023**

Appellant, Ezra Weitzel, appeals from the aggregate judgment of sentence of 7 years and 4 months to 17 years' incarceration imposed on him after he was convicted by a jury of strangulation, simple assault, and terroristic threats.[1] Appellant's appellate counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous. After careful review, we grant counsel's petition to withdraw and affirm.

Appellant was arrested and charged with the above offenses for choking his 62-year-old mother (Victim) and telling her that he would kill her. On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2718(a)(1), (d)(2)(i), 2701(a)(1), and 2706(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

January 25, 2023, those charges were tried to a jury.  Two witnesses, Victim and the police officer to whom she reported the attack, testified at trial.

Victim testified that on the morning of October 19, 2021, Appellant, who lived in Victim's house with Victim and one of her daughters, became angry at Victim and gripped her around the neck with both of his hands.   N.T. Trial at 18-22, 29.  Victim testified that Appellant squeezed her neck and that she had difficulty breathing when he was squeezing her neck.  *Id.* at 20-21, 29-30, 33.  She also testified that while Appellant was choking her, he put his head up against her ear and said to her either "I want to kill you" or "I am going to kill you." *Id.* at 20-23, 31-33.  Victim testified that after she broke free of Appellant, she left the house, went to the police station, and reported the attack.  *Id.* at 23-24.

The police officer testified that Victim reported the attack to him at the police station on October 19, 2021 and that she was visibly upset and had redness around her neck.  N.T. Trial at 34-35.  The officer testified that after he arrested Appellant, he took photographs of Victim's neck.  *Id.* at 37-38.  The photographs taken by the officer and photographs of Victim's neck taken by Victim's daughter after the attack were introduced in evidence.  *Id.* at 24-27, 38.  Appellant did not testify or introduce any evidence.  *Id.* at 41-44.

The jury found Appellant guilty of all three charges.  N.T. Trial at 66.  On March 1, 2023, the trial court sentenced Appellant to an aggregate term of imprisonment of 7 years and 4 months to 17 years' incarceration consisting

of consecutive terms of 5 to 10 years for the strangulation conviction, 1 to 2 years for simple assault, and 16 months to 5 years for terroristic threats. N.T. Sentencing at 9-11; Sentencing Orders. Appellant filed a post-sentence motion in which he argued that the evidence was insufficient to support the convictions, sought a new trial on weight of the evidence grounds, and argued that the consecutive sentences were excessive. On March 16, 2023, the trial court denied Appellant's post-sentence motion.

This timely appeal followed. On July 10, 2023, appellate counsel filed an *Anders* brief and petition to withdraw as counsel. In his *Anders* brief, appellate counsel raises the issues of whether the evidence was sufficient to prove the offenses of strangulation, simple assault, and terroristic threats and whether the trial court erred in holding that the verdict was not against the weight of the evidence. *Anders* Brief at 11, 13-21. Appellant has not filed any response to counsel's petition to withdraw or *Anders* brief. The Commonwealth filed a brief in support of affirmance.

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 183 (Pa. Super. 2016); **Goodwin**, 928 A.2d at 290. An **Anders** brief must comply with all the following requirements:

> [T]he **Anders** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); **see also Dempster**, 187 A.3d at 270. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Dempster**, 187 A.3d at 271; **Commonwealth v. Zeigler**, 112 A.3d 656, 659-60 (Pa. Super. 2015).

Appellate counsel states in his petition to withdraw that he has reviewed the entire record and determined that there are no non-frivolous grounds for

the appeal. Appellate counsel's July 10, 2023 letter to Appellant provided a copy of the ***Anders*** brief to Appellant and advised him of his right either to retain new counsel or to proceed *pro se* on appeal and to raise any points he deems worthy of this Court's attention. Further, appellate counsel's ***Anders*** brief provides an adequate procedural and factual summary of the case and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel has thus filed a sufficient ***Anders*** brief and has fully complied with the procedural requirements for withdrawal as counsel in this appeal.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. This Court first considers the issues raised by counsel in the ***Anders*** brief and determines whether they are in fact frivolous. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*); ***Dempster***, 187 A.3d at 272. In addition, if the Court finds all of those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. ***Yorgey***, 188 A.3d at 1196-97; ***Dempster***, 187 A.3d at 271-72.

The standard of review that this Court applies in considering Appellant's sufficiency of the evidence issues is well-settled:

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient

to prove every element of the offense beyond a reasonable doubt. "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." It is within the province of the fact-finder to determine the weight to accord to each witness's testimony and to believe all, part or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

**Commonwealth v. Steele**, 234 A.3d 840, 845 (Pa. Super. 2020) (quoting **Commonwealth v. Colon-Plaza**, 136 A.3d 521 (Pa. Super. 2016)) (citations omitted, brackets in original). We conclude that all of Appellant's sufficiency of the evidence claims are frivolous.

The evidence at trial was sufficient to support Appellant's strangulation conviction. Evidence that the defendant knowingly or intentionally impeded the breathing of another person by applying pressure to the throat or neck is sufficient to prove the offense of strangulation. 18 Pa.C.S. § 2718(a)(1); **Commonwealth v. Horlick**, 296 A.3d 60, 63 (Pa. Super. 2023). Causing injury to the victim is not an element of the crime of strangulation. 18 Pa.C.S. § 2718(b); **Commonwealth v. Lowmaster**, No. 221 WDA 2022, slip op. at 6 (Pa. Super. March 14, 2023) (unpublished memorandum); **Commonwealth v. Vaughn**, No. 2174 EDA 2019, slip op. at 8 (Pa. Super. March 22, 2021) (unpublished memorandum).

Victim testified that Appellant squeezed her neck with both of his hands, causing her to have difficulty breathing, and there was evidence that Appellant pressed sufficiently hard on her neck to leave red marks. N.T. Trial at 20-22,

- 6 -

25-27, 29-30, 33, 35. Victim's testimony also showed that Appellant intended to impede her breathing, as she testified that Appellant expressed a desire or intent to kill her while he was choking her. *Id.* at 20-23, 31-33. Although Victim testified that that she was still able to breathe with difficulty while Appellant was choking her, *id.* at 30-31, that does not make her testimony insufficient to prove the elements of strangulation. The Crimes Code does not require that the victim be unable to breathe to prove strangulation or require proof of a particular level of obstruction of the victim's breathing to prove strangulation. 18 Pa.C.S. § 2718(a)(1); *Horlick*, 296 A.3d at 63. Rather, the Commonwealth need only prove that the defendant hindered or obstructed the victim's breathing. *Commonwealth v. Solorio*, No. 1966 MDA 2019, slip op. at 5-7 (Pa. Super. September 17, 2020) (unpublished memorandum). Testimony of the victim that the defendant put pressure on her neck that caused difficulty breathing is therefore sufficient to prove the elements of strangulation. *Lowmaster*, No. 221 WDA 2019, slip op. at 7-8 ("No proof beyond the victim's testimony that the defendant put pressure on his or her neck that caused difficulty breathing is required to prove the elements of strangulation"); *Solorio*, No. 1966 MDA 2019, slip op. at 5-7 (testimony of victim that she was "getting to where [she] couldn't breathe" was sufficient to support strangulation conviction) (brackets in original).

The evidence at trial was likewise sufficient to support Appellant's simple assault and terroristic threats convictions. The offense of simple assault of

- 7 -

which Appellant was convicted requires that the Commonwealth prove that the defendant either attempted to cause bodily injury to another person or intentionally, knowingly, or recklessly caused bodily injury to another person. 18 Pa.C.S. § 2701(a)(1); **Commonwealth v. Wroten**, 257 A.3d 734, 743-44 (Pa. Super. 2021). The Crimes Code defines "bodily injury" as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301; **Commonwealth v. Rahman**, 75 A.3d 497, 501 (Pa. Super. 2013).

Victim and the police officer testified that there were some red marks or bruising on Victim's neck after the attack, N.T. Trial at 25-27, 30, 35, but there was no evidence that Victim suffered physical pain from Appellant's attack and no evidence that the redness or bruising lasted beyond the day of the attack. Evidence that the victim actually suffered bodily injury, however, is not necessary to prove simple assault; "rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury." **Wroten**, 257 A.3d at 743-44 (quoting **Commonwealth v. Martuscelli**, 54 A.3d 940 (Pa. Super. 2012)). The evidence that Appellant pressed on Victim's throat to the point that it impeded her ability to breathe while expressing a desire or intent to kill her is amply sufficient to show an attempt to inflict bodily injury on Victim. **See Vaughn**, No. 2174 EDA 2019, slip op. at 7-8 (evidence that defendant choked victim to the point that it impeded his breathing is sufficient to show attempt to inflict serious bodily injury).

To convict a defendant of terroristic threats under the section of the Crimes Code at issue here, the Commonwealth must prove two elements, (1) that the defendant made a threat to commit a crime of violence and (2) that the defendant communicated the threat with the intent to terrorize another person. 18 Pa.C.S. § 2706(a)(1). The evidence in this case was sufficient to prove those elements.

Victim testified that Appellant said to her, while he was choking her, "I want to kill you" or "I am going to kill you." N.T. Trial at 20-23, 31-33. Victim was unsure which of these statements he made but testified that he definitely referred to killing her, that she understood his statement as a serious expression of intent to kill her, and that she was worried that she was going to die. **Id.** Either of the statements "I want to kill you" or "I am going to kill you," uttered while Appellant was taking a substantial step toward killing Victim by choking her to the point that she had difficulty breathing, is a threat to kill Victim and shows intent to terrorize her. **Commonwealth v. Crosby**, 226 A.3d 104, 106-09 (Pa. Super. 2020) (defendant's statement to victim that she was going to kill victim and others was sufficient to support terroristic threats conviction); **Commonwealth v. Diaz**, No. 835 MDA 2019, slip op. at 2, 15-16 (Pa. Super. March 5, 2020) (unpublished memorandum) (statement to victim that "[h]e wanted to kill [her]" made by defendant who pointed a gun at her was sufficient to support terroristic threats conviction).

The fact that Appellant was angry at Victim at the time that he threatened to kill her does not make the evidence insufficient to support his terroristic threats conviction. Although intent to terrorize can be lacking where the threat is merely a spur-of-the-moment, hyperbolic statement made in anger, being angry does not make a person incapable forming the intent to terrorize. *Crosby*, 226 A.3d at 107; *Commonwealth v. Walker*, 836 A.2d 999, 1001-02 (Pa. Super. 2003). Where, as here, the defendant makes the threat while at the same time engaging in activity indicating an intent to carry out the threat, the threat is not a mere spur-of-the-moment statement made in anger, and the evidence is sufficient to support a terroristic threats conviction. *Walker*, 836 A.2d at 1001-02 (statement by HIV-infected defendant to victim that defendant was going to infect victim, made while defendant was actively trying to infect victim, was not a spur-of-the moment threat and the evidence was sufficient to support a terroristic threats conviction); *Commonwealth v. Reynolds*, 835 A.2d 720, 730 (Pa. Super. 2003) (threat by defendant, made while defendant was pointing a gun at victim, was not a spur-of-the moment threat and the evidence was sufficient to support a terroristic threats conviction).

The remaining issue raised by counsel in his *Anders* brief, that the trial court erred in rejecting his claim that the verdict was against the weight of the evidence, is also frivolous. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict was

so contrary to the evidence that it shocks the trial court's sense of justice.

***Commonwealth v. James***, 268 A.3d 461, 468 (Pa. Super. 2021); ***Commonwealth v. Antidormi***, 84 A.3d 736, 758 (Pa. Super. 2014). Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. ***Commonwealth v. Clemons***, 200 A.3d 441, 463-64 (Pa. 2019); ***Commonwealth v. Delmonico***, 251 A.3d 829, 837 (Pa. Super. 2021).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

***Antidormi***, 84 A.3d at 758 (quoting ***Commonwealth v. Clay***, 64 A.3d 1049 (Pa. 2013)) (brackets omitted).

Here, Victim's testimony was sufficient to prove all of the elements of the three offenses of which Appellant was convicted. The trial court, which heard the testimony and observed the witnesses' demeanor, concluded that the jury found Victim credible, and that "there was nothing shocking about the jury's verdict." Trial Court Opinion at 5-6. There is nothing in the trial record that indicates that Victim's testimony was inconsistent or implausible or that the jury could not reasonably find her credible. The trial court therefore

did not abuse its discretion in concluding that the verdict was not against the weight of the evidence.

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant lack any arguable merit. In addition, we have reviewed the certified record and have discovered no additional issues of arguable merit on the face of the record. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/06/2023