J-S14041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
                    v.           :
                                 :
                                 :
                                 :
ASHLEY NIKEYA OWENS              :
                                 :
              Appellant          :     No. 1066 MDA 2023

Appeal from the Judgment of Sentence Entered June 5, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001531-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JUNE 10, 2024**

Ashley Nikeya Owens (Appellant) appeals from the judgment of sentence imposed after the trial court convicted her of one count of criminal trespass.[1]  We affirm.

Appellant and Da'Juan Johnson (Johnson) are the parents of a 5-year-old daughter, A.O.  N.T., 12/21/22, at 24.  Johnson had custody of A.O. in January 2022, when Appellant sought a protection from abuse order (PFA) against Johnson on A.O.'s behalf.  *Id.* at 24-25.  On January 24, 2022, Appellant, Johnson, and Johnson's wife attended a hearing, at which the court denied Appellant's PFA request.  *Id.*  Immediately following the hearing,

---

[1] 18 Pa.C.S.A. § 3503(a)(1)(i).

before Johnson and his wife returned home, Appellant arrived at Johnson's residence. *Id.* at 25.

At the time, A.O. was present with Johnson's four other children, minor sons aged 17, 16, 11, and 4. *Id.* at 9. The two older boys were babysitting the younger children. *Id.* at 10, 25. Sixteen-year-old K.J. answered a knock at the door from a woman he did not recognize, but whom he later identified as Appellant. *Id.* at 10-11. Appellant identified herself as a school official and asked if she could come in. *Id.* at 10. K.J. believed Appellant was a school official because she was wearing "proper attire," *i.e.*, what looked to him "like a teacher outfit." *Id.* at 12. K.J. let Appellant into the house, after which Appellant requested to "interview" A.O. *Id.* Less than a minute later, Appellant told K.J. she had to "take" A.O. *Id.*

Suspecting Appellant was not a school official, K.J. "grabbed" A.O. and called his mother (Johnson's wife) and the police. *Id.* K.J. carried A.O. up one staircase and down another, "trying to get away from" Appellant. *Id.* at 13-14. Appellant followed them through the residence, at one point grabbing K.J.'s arm, causing him to fall and suffer a cut on his toe. *Id.* K.J. asked Appellant multiple times who she was, and Appellant finally said she was A.O.'s mother. *Id.* at 14. At that point, Johnson and his wife arrived outside, and Appellant fled the residence. *Id.* at 14-15.

According to Johnson, he and his wife had previously informed Appellant she was not welcome at their home. *Id.* at 28. Months before the incident,

- 2 -

Johnson advised Appellant he might permit future supervised visits with A.O., but that Appellant should not show up at the home unannounced. *Id.* at 29-33, 35.

The Commonwealth subsequently charged Appellant with criminal trespass, simple assault,[2] and harassment.[3] On December 22, 2022, following a non-jury trial, the trial court convicted Appellant of criminal trespass and acquitted her of simple assault and harassment. On June 5, 2023, the trial court imposed a sentence of 6 to 23 months in prison.

Appellant filed a post-sentence motion, challenging the verdict as against the weight of the evidence. Appellant also requested reconsideration of her sentence and bail pending appeal. The trial court granted bail pending appeal and denied the remainder of the post-sentence motion. Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single question for our review:

Did [the trial court] abuse its discretion in rejecting [Appellant's] challenge that the weight of the evidence was against [the verdict] where the complaining witness' testimony demonstrated confusion, contradiction, and lack of clear memory of the events; the witness, K.J., admitted he assumed [Appellant] was a teacher based on her appearance and allowed her to enter the premises; and it was unclear from the record that [Appellant] was given

---

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 18 Pa.C.S.A. § 2709(a)(1).

actual notice that she was not allowed to be at the property to visit [A.O.]?

Appellant's Brief at 4.

Appellant argues the weight of the evidence showed she did not gain entry by subterfuge.[4] *Id.* at 10-14. Rather, she maintains K.J.'s "contradictory and unreliable" testimony "demonstrated that he likely assumed [Appellant] was a school official based on her appearance." *Id.* at 11. Appellant further argues Johnson had afforded her limited permission to enter his home for supervised visits with A.O. *Id.* at 15. She asserts the presence of a 16-year-old and 17-year-old in the home at the time of her entry constituted "a level of supervision that could have given [Appellant] the impression that she was allowed to see her daughter." *Id.* at 15-16.

Our standard of review of a weight claim is well settled:

The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to

---

[4] Section 3503(a)(1)(i) of the Crimes Code defines criminal trespass as follows:

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, **gains entry by subterfuge** or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof….

18 Pa.C.S.A. § 3503(a)(1)(i) (emphasis added).

determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Williams*, 255 A.3d 565, 580 (Pa. Super. 2021) (citation omitted).

When a weight challenge "is predicated on the credibility of trial testimony, [appellate] review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." *Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012). Conflicts in the evidence or contradictions in testimony are exclusively for the fact-finder to resolve. *Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012).

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination [as to whether] the verdict is against the weight of the evidence.

*Id.* "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence." *Commonwealth v. Weitzel*, 304 A.3d 1219, 1227 (Pa. Super. 2023) (citation omitted).

Here, the trial court

weighed the evidence presented at the bench trial, and deemed … K.J.'s testimony to be credible [as to the fact] that Appellant claimed to be a school official to gain entry into the home in order to attempt to retrieve her minor daughter[,] to whom she did not have custody. Appellant's trial counsel attempted to impeach [K.J.] by asking if he had merely assumed that Appellant was a school official and had not clearly stated to the police that she had [affirmatively] claimed to be such. However, [the trial court notes K.J.'s] prior consistent statement at an earlier hearing, and the general credibility of his testimony (and [the trial court notes] further that statements to police made immediately after an event may be skewed by the stress of a recent traumatic event).

Even to the extent that K.J. assumed Appellant's status as a school official, it was clear to [the trial] court that Appellant manipulated [K.J.] to gain unlawful entry into the home (by claims of being there to interview [A.O.], or even simply by allowing herself to be let in based on such assumption knowing that she did not have a license from the adult occupants to enter to the home)…. [The trial court believes K.J.] credibly testified that such subterfuge was through intentional false statements, but [the court also] believe[s] that subterfuge may alternatively be achieved by intentionally and knowingly failing to correct the incorrect assumptions of a minor child and leveraging such [assumptions] for Appellant's own ends. It further lends to the concept of subterfuge that Appellant timed her attempted entry immediately after a court hearing when the adult residents of the home would not be present. The weight [of the evidence] clearly supports upholding the conviction, not granting a new trial.

Trial Court Opinion, 9/7/23, at 2-3.

The trial court's reasoning is supported by the record, and we discern no abuse of discretion in its rejection of Appellant's weight claim. The trial court properly made credibility determinations, and we are not empowered to re-weigh the testimony. Accordingly, Appellant's issue merits no relief.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/10/2024