**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN E. LANE | : | |
| | : | |
| Appellant | : | No. 1589 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 23, 2023
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000147-2023

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: OCTOBER 8, 2024**

Steven E. Lane appeals from the judgment of sentence entered on October 23, 2023, following his guilty plea to failure to comply with registration requirements under SORNA.[1] Lane's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Before we address the merits of this appeal, we note **with extreme displeasure** the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain a summary of argument and the complete argument for appellee." ***Commonwealth v.***

---

[1] 18 Pa.C.S.A. § 4915.2(a)(2).

*Pappas*, 845 A.2d 829, 835 (Pa. Super. 2004) (internal quotation marks and citation omitted). In *Pappas*, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." *Id.* We echo that opinion and remind the Commonwealth of its obligation to file an advocate's brief in future appeals.

We are unable to provide a detailed factual history, as the certified record does not include the guilty plea nor sentencing transcripts. Procedurally, Lane was charged with failure to comply with registration requirements by criminal complaint on March 2, 2023. Lane waived his preliminary hearing, and the charge was bound over for trial. Lane pled guilty to failure to comply with registration requirements on August 7, 2023. Lane signed a guilty plea colloquy wherein he agreed to plead guilty to failure to register as an open plea, with the Commonwealth agreeing to dismiss two other cases and not to file any charges from a pending investigation. *See* Plea Colloquy, at 1.[2]

On October 23, 2023, the court sentenced Lane to 15-36 months' incarceration to be followed by 3 years of probation. Lane signed a written post-sentencing rights colloquy indicating, *inter alia*, he had the right to file a post-sentence motion within 10 days. *See* Post-Sentence Rights Advisory

_____

[2] The certified record does not indicate what other cases the Commonwealth agreed to dismiss nor is there any other information within the certified record regarding the pending investigation.

(unpaginated). Lane did not file a post-sentence motion. On November 21, 2023, Lane filed a timely notice of appeal. Lane complied with the court's order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b). In the Rule 1925(b) statement, Lane, for the first time, requested to withdraw his guilty plea.

Counsel has filed an **Anders** brief, and, as such, "we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted." **Commonwealth v. Weitzel**, 304 A.3d 1219, 1223 (Pa. Super. 2023) (citations omitted).

> To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must: (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and raise any additional points that he deems worth of the court's attention. An **Anders** brief must comply with all the following requirements:
>
> > The **Anders** brief must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous.

*Id.* at 1223-24 (citations, ellipsis, and brackets omitted).

Counsel has substantially complied with the dictates of **Anders** and its progeny. Counsel filed a petition to withdraw noting he made a conscientious examination of the record and determined the appeal is frivolous. **See** Petition to Withdraw as Counsel, at ¶ 2. Counsel filed a sufficient **Anders** brief by providing a summary of the procedural history and facts, referring to what might support the appeal, and explaining why the appeal is frivolous. **See Anders** Brief, at 7-9. Finally, counsel attached to his brief a copy of the letter he sent to Lane wherein he enclosed a copy of both his brief and petition to withdraw and correctly advised Lane of his right to retain counsel or proceed *pro se* and raise any additional points he deems worthy of the Court's attention. **See id.** at 12. Lane has not filed a response. We therefore start by reviewing the claim counsel raised in his brief before we conduct our own review of the record.

Counsel raises one claim: withdrawal of Lane's plea of guilty based upon actual innocence. **See id.** at 9. Counsel correctly notes this claim is frivolous because it was not presented to the trial court. **See id.** at 10.

> Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. In order to preserve an issue related to a guilty plea, an appellate must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion.

*Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017) (citations, quotation marks, and brackets omitted). Furthermore, "a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Id.* at 469 (citations, emphasis, and brackets omitted). "The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency." *Id.*

The record shows Lane did not file a pre- or post-sentence motion to withdraw his guilty plea. As Lane did not challenge his guilty plea with the trial court, Lane waived the issue and counsel is correct that appealing this issue is wholly frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (noting that arguing a waived issue on direct appeal is frivolous).

After our own independent review, we cannot find any meritorious issues in the certified record. We therefore agree with counsel the appeal is frivolous and grant his request to withdraw.

Petition to withdraw as counsel granted. Judgment of sentence affirmed. Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/08/2024