J-S30013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY ANN MORGAN | : | |
| | : | |
| Appellant | : | No. 1732 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 14, 2023
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0004226-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY A. MORGAN | : | |
| | : | |
| Appellant | : | No. 1733 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 14, 2023
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001705-2022

BEFORE:   PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:            **FILED: NOVEMBER 15, 2024**

Kimberly Ann Morgan appeals from the judgment of sentence entered on November 14, 2023, after she pled nolo contendere to two counts of arson at docket CP-40-CR-0004226-2021 and driving under influence of alcohol or controlled substance ("DUI"), third offense, at docket CP-40-CR-0001705-

---

[*] Former Justice specially assigned to the Superior Court.

2022.[1] Morgan's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Before we address the merits of this appeal, we note **with extreme displeasure** the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain a summary of argument and the complete argument for appellee." **Commonwealth v. Pappas**, 845 A.2d 829, 835 (Pa. Super. 2004) (internal quotation marks and citation omitted). In **Pappas**, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." **Id.** We echo that opinion and remind the Commonwealth of its obligation to file an advocate's brief in future appeals.

At docket number CP-40-CR-0004226-2021, Morgan was charged by criminal information with 12 counts related to two fires, both in Kingston Township, Pennsylvania. At docket number CP-40-CR-0001705-2022, Morgan was charged by criminal information with two counts of DUI. On November 14, 2023, Morgan selected a jury for docket CP-40-CR-0004226-2021. Prior to jury selection, Morgan was advised of a plea offer from the Commonwealth. Initially, Morgan rejected the plea offer. A jury was selected, but before opening statements started, Morgan chose to accept the plea offer.

---

[1] 18 Pa.C.S.A. § 3301(a)(1)(i) and 75 Pa.C.S.A. § 3802(c), respectively.

Both parties signed written plea agreements. At docket CP-40-CR-0004226-2021, the written plea agreement indicated Morgan was pleading nolo contendere to two counts of arson for 34 to 68 months' incarceration. At docket CP-40-CR-0001705-2022, the written plea agreement indicated Morgan was pleading guilty to one count of DUI, highest rate of alcohol with a blood alcohol content ("BAC") of .379%, third offense, for a concurrent sentence to that imposed at docket CP-40-CR-0004226-2021.

The Commonwealth set forth the agreement for the court, and the court then conducted a colloquy of Morgan to ensure her plea was entered knowingly, voluntarily, and intelligently. **See** N.T. Jury Selection/Plea/Sentencing, 11/14/23, at 26-32. The court sentenced Morgan pursuant to the negotiated plea agreement to an aggregate 34 to 68 months' incarceration. Morgan filed two timely notices of appeal, and counsel filed a statement of intent to file an **Anders** brief.[2] As indicated, counsel filed an **Anders** brief with this Court.

Because counsel filed an **Anders** brief, "we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted." **Commonwealth v. Weitzel**, 304 A.3d 1219, 1223 (Pa. Super. 2023) (citations omitted).

---

[2] We consolidated the cases *sua sponte* on February 13, 2024.

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must: (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient *Anders* brief; and (3) provide a copy of the *Anders* brief to the defendant and advise the defendant of h[er] right to retain new counsel or proceed pro se and raise any additional points that [s]he deems worth of the court's attention. An *Anders* brief must comply with all the following requirements:

The *Anders* brief must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous.

*Id.* at 1223-24 (citations, ellipsis, italics, and brackets omitted).

Counsel filed a petition to withdraw noting he reviewed the record and determined the appeal would be frivolous. *See* Application to Withdraw as Counsel, 5/11/24, at 2. Counsel filed an *Anders* brief that provides a summary of the procedural history and facts, including citations to the record; refers to what may arguably support the appeal; and sets forth counsel's conclusion and reasons for concluding the appeal is frivolous. *See Anders* Brief, at 3-18. Counsel articulates the relevant facts of record, controlling case law, and statutes on point. *See id.* at 12-18. Finally, counsel provided a copy

of the ***Anders*** brief and petition to withdraw as counsel to Morgan and notified her that she has the right to retain private counsel or to proceed pro se and raise any additional points she deems worthy of the Court's attention. ***See*** Application to Withdraw as Counsel, 5/11/24, at Exhibit A. Morgan has not filed a response. Because counsel complied with the dictates of ***Anders*** and its progeny, we will conduct an independent review of the appeal to determine if the appeal is wholly frivolous.

Counsel raises one claim: "Did the trial court abuse its discretion where it accepted the terms of a negotiated plea agreement of the parties and imposed the exact sentence agreed upon and contained in the plea agreement?" ***Anders*** Brief, at 3. Although counsel presents it as one question, he addresses the jurisdiction of the court, legality of the sentence, voluntariness of the plea, and discretionary aspects of the sentence. ***See id.*** at 14, 15. We address each in turn.

"When a defendant enters a guilty plea, the defendant waives the right to challenge on appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159 (Pa. Super. 2017) (citation and quotation marks omitted). Notably, "a plea of nolo contendere is treated the same as a guilty plea." ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018) (citation and italics omitted).

First, counsel raises a claim regarding jurisdiction. "Jurisdiction relates to the court's power to hear and decide the controversy presented. All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." ***Commonwealth v. Gross***, 101 A.3d 28, 32 (Pa. 2014).

Morgan was charged with offenses arising under the Crimes Code and Vehicle Code. Therefore, the Court of Common Pleas of Luzerne County had jurisdiction to hear the nolo contendere pleas she entered. The first issue, as counsel points out, is frivolous.

Regarding the legality of the sentence, Morgan pled nolo contendere to three counts: two counts of arson, graded as felonies of the first degree; and one count of DUI, third offense, a felony of the third degree.

"[T]he typical illegal sentence is one which exceeds the statutory maximum." ***Commonwealth v. Foster***, 17 A.3d 332, 341 (Pa. 2011) (citation omitted). "Over the years, however, the definition of what constitutes an illegal sentence has expanded." ***Commonwealth v. Moore***, 247 A.3d 990, 993 (Pa. 2021). There are four broad categories of illegal sentence challenges. ***See Commonwealth v. Prinkey***, 277 A.3d 554, 562 (Pa. 2022). "First, a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute is a legality challenge because, if the claim prevails, the sentence was imposed under statutory authority that never lawfully existed." ***Id.*** (citation omitted). "The second category encompasses allegations that a

sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority." ***Id.*** (citation omitted). "The third category of legality challenges encompasses those claims that allege a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant." ***Id.*** "Finally, a sentence is illegal where the statutory support for the underlying conviction is void ab initio." ***Id.*** at 563 (italics and citation omitted).

Notably, "[i]n each, the inquiry is whether … the result would be that the trial court lacked authority to impose the sentence at issue." ***Id.*** If the trial court did not have the authority to impose the sentence at issue, then the claim sounds in legality of sentence. ***See id.***

Turning to Morgan's sentences, we find no illegality. Morgan was sentenced below the applicable maximum sentences; the statutes upon which her sentences are based have not been found unconstitutional; and the statutes are still valid and binding upon the trial court. Specifically, Morgan was sentenced to a maximum of 68 months, or 5 years and 8 months. The subsection of arson to which Morgan pled has a maximum potential sentence of 20 years. ***See*** 18 Pa.C.S.A. § 1103(1). The subsection of DUI to which Morgan pled has a maximum potential sentence of 7 years. ***See*** 75 Pa.C.S.A. § 3803(b)(4.1)(i); 18 Pa.C.S.A. § 1103(3). Morgan pled guilty to DUI as a third offense, highest rate of alcohol. ***See*** N.T. Jury Selection/Plea/Sentencing, 11/14/23, at 27-30. As such, Morgan was

sentenced to a mandatory minimum of one year incarceration under subsection 3804(c)(3)(i). *See* 75 Pa.C.S.A. § 3804(c)(3)(i). Sections 3803, 3804, and 1103 are not unconstitutional and are binding upon the trial court. As such, Morgan's sentences are legal and a claim challenging the legality of the sentence is frivolous.

Next, we evaluate whether Morgan entered a knowing, voluntary, and intelligent plea. "The law does not require that the defendant be pleased with the outcome of h[er] decision to enter a plea of guilty: All that is required is that h[er] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation and brackets omitted).

> With regard to the voluntariness of a plea, a guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences. Once the defendant has entered a guilty plea, it is presumed that [s]he was aware of what [s]he was doing, and the burden of proving involuntariness is upon h[er].

*Id.* (quotation marks and citations omitted).

> The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of h[er] rights and the consequences of h[er] plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which [s]he is pleading guilty; (2) the factual basis for the plea; (3) h[er] right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the

resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted).

The court conducted a colloquy with Morgan before accepting her plea. Morgan acknowledged she understood the nature of the charges to which she pled, the factual basis for the plea, her right to a jury trial, her presumption of innocence, the permissible ranges of sentences and fines, and that the court is not bound by the agreement unless it accepts the agreement. ***See*** N.T. Jury Selection/Plea/Sentencing, 11/14/23, at 26-32. Our review of the written plea agreement and oral colloquy supports the court's determination Morgan entered her plea knowingly, voluntarily, and intelligently. This claim is therefore frivolous.

Finally, we turn to Morgan's claim regarding the discretionary aspects of the sentence. Morgan pled nolo contendere as part of a negotiated plea deal. In exchange for entry of her plea, the Commonwealth agreed to a sentence of 34 to 68 months' incarceration. The court imposed the agreed-upon sentence.

Our Courts have consistently held when:

the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the

designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation and brackets omitted).

Morgan pled nolo contendere for a negotiated sentence. As such, she cannot now challenge the discretionary aspects of her sentence. Counsel's final claim is frivolous.

After our own independent review, we conclude there are no non-frivolous issues in the certified record. Therefore, we agree with counsel that the appeal is frivolous and grant his request to withdraw.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/15/2024</u>