J-S37008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE CALDERON | : | |
| | : | |
| Appellant | : | No. 17 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 24, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000122-2024

BEFORE: DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 31, 2025**

Appellant, Terrence Calderon, appeals from the July 24, 2024 judgment of sentence of 4 to 8 years of incarceration entered in the Montgomery County Court of Common Pleas following his conviction of Strangulation, Simple Assault, and Harassment.[1] Appellant challenges the sufficiency of the evidence in support of his Strangulation conviction and the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On November 6, 2023, Appellant's wife ("Victim"), obtained a temporary protection from abuse ("PFA") order against Appellant that, *inter alia*, evicted him from the home he shared with Victim and their teenage children. Nevertheless, at

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2718(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

approximately 7:00 AM on December 6, 2023, Appellant entered Victim's home. When Victim encountered Appellant, she informed him that he was not permitted to be there due to the PFA order and asked him to leave three or four times.

Appellant refused to leave and positioned himself very close to Victim, at which time Victim, fearful for her safety, struck Appellant with a plastic figurine. When Victim then turned to walk up the stairs, Appellant grabbed her from behind by the neck with two hands and began to strangle her, causing the impairment of Victim's breathing. Appellant then forced Victim up the stairs and into their son's ("Son") bedroom. Appellant and Victim fell onto Son's bed, causing Son to wake up and observe Appellant strangling victim. Son physically restrained Appellant and instructed Appellant to get off Victim. M.C. ("Daughter"), who had witnessed the entire event, assisted Son by hitting Appellant and yelling at him to remove his hands from Victim's neck.[2] Appellant eventually stopped strangling Victim and fled from the home.

Victim, feeling dizzy and out of breath, fled the home and called the police. While investigating the incident, authorities took pictures of Victim's neck, which showed bruising and nail and finger marks.

At the commencement of Appellant's April 30, 2024 bench trial, the Commonwealth moved to amend the bills of information to re-grade the Strangulation charge to a first-degree felony because Appellant was subject

---

[2] Son and Daughter were 18 years old and 15 years old, respectively, at the time of Appellant's trial.

to an active PFA order at the time of the strangulation.[3] The trial court granted the motion over Appellant's objection.

The Commonwealth then presented the testimony of Victim, Son, and Daughter, who testified in accordance with the above facts. Daughter also testified that the physical altercation between her parents lasted for approximately 8 minutes. N.T. Trial, 4/30/24, at 49. In addition to witness testimony, the trial court also admitted into evidence a copy of the temporary PFA order that evicted Appellant from the family home. On cross-examination, Victim testified that she told emergency medical services staff that she felt fine, she did not need medical attention, and that Appellant did not grab her by the front of her neck.

Appellant testified on his own behalf. He acknowledged knowing about the PFA order and that he was not supposed to be in Victim's home. *Id.* at 64, 70. He admitted grabbing Victim by the back of her neck after she had hit him with a figurine or ornament in an attempt "to restrain her after she hit [him] multiple times," but denied choking or intentionally trying to strangle her. *Id.* at 67-68. He testified that he used "only one hand." *Id.* at 68.

After considering the evidence and arguments of counsel, the trial court, finding "the testimony of [Victim] more credible than [Appellant's] testimony[,]" convicted Appellant of the above charges. *Id.* at 83. In

---

[3] Strangulation is graded as a misdemeanor of the second degree unless "at the time of the commission of [the] offense, the defendant is subject to an active [PFA] order[,] in which case it is graded as a first-degree felony." 18 Pa.C.S. § 2718(d)(1), (3).

particular, the court credited Victim's testimony that Appellant "impeded her breathing[.]" *Id.* The court also found that "[t]here was testimony that there was an active PFA and [Appellant] admitted notice of it." *Id.* The trial court was unpersuaded by Appellants assertion that he was acting in self-defense to restrain Victim after she hit him, noting, "if [Appellant] had grabbed [Victim] from the front, then, yes, I would agree, perhaps, it was self-defense at that point and she would be coming at him. But all the testimony was, and [Appellant] confirmed, that he did it from behind, so at that point in time she's not coming at him." *Id.*

The trial court deferred sentencing pending preparation of a presentence investigation ("PSI") report.

On July 24, 2024, after considering the sentencing guidelines, the PSI report, victim impact testimony[4] and character letters, Appellant's allocution, a mitigation report from Appellant's social worker, and argument of counsel, and specifically finding Appellant's family's support as a mitigating factor, the trial court sentenced Appellant to a term of 4 to 8 years of incarceration for the Strangulation conviction, a concurrent term of 6 to 12 months of

_____

[4] Notably, Victim, Son, and Daughter each urged the court to impose a county sentence. The court noted, however, that a county sentence would be "well below mitigated," and decline to impose a county sentence. N.T. Sent'g, 7/24/24, at 25.

incarceration for the Simple Assault conviction,[5] and a concurrent term of 60 days of incarceration for the Harassment conviction. The court noted that "the sentence is at the bottom of the mitigated range." N.T. Sent'g, 7/24/24, at 25.

Appellant filed a post-sentence motion in which he asserted that his sentence was excessive, the court placed insufficient reasons on the record in support of the sentence, and the court failed to give proper weight to the mitigating factors set forth in the PSI report, character letters, and testimony. Appellant also claimed that the court mis-graded the Strangulation and Simple Assault offenses because it did not make a specific finding at trial that Appellant committed those offenses against a family member or while subject to a PFA order. On November 22, 2024, the trial court denied this motion.[6]

This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement in which he asserted that the: (1) Commonwealth failed to prove that (a) he committed the offense of Strangulation against a family or household member as defined in 23 Pa.C.S. § 6102, thereby increasing the grading of the offense and the offense gravity score; (b) he committed the offense of Strangulation while subject to an active PFA order; and (c) he

_____

[5] At the sentencing hearing, the court explained that it would not apply the domestic violence enhancement for the Strangulation conviction because the grading of the offense was already increased because Appellant committed the offense against a family member while a PFA order was in effect, but that the court would apply the enhancement to the Simple Assault conviction.

[6] Appellant filed a second post-sentence motion challenging the weight of the evidence. This trial court also denied this motion.

committed the offense of Simple Assault against a family or household member as defined in 23 Pa.C.S. § 6102, thereby increasing the grading of the offense; and (2) that the trial court imposed an excessive sentence. The trial court filed a responsive opinion.

Appellant raises the following three issues on appeal:

1. Whether the [t]rial [c]ourt's guilty verdict as to Count 1, Strangulation (F-1), was unsupported where the evidence was insufficient to show that [] Appellant had the specific intent to knowingly or intentionally impede the breathing or circulation by applying pressure to the throat or neck of [Victim]?

2. Whether the [t]rial [c]ourt's guilty verdict as to Count 1, Strangulation (F-1), was unsupported where the evidence was insufficient to show that [Victim's] breathing or circulation was impeded?

3. Whether the trial court's sentence of 4 to 8 years of incarceration was manifestly excessive and where the [t]rial [c]ourt failed to state sufficient reasons [] on the record for the sentence?

Appellant's Brief at 5.

In Appellant's first issue, he contends that the Commonwealth's evidence was insufficient to prove beyond a reasonable doubt that he possessed the requisite intent to strangle Victim. *Id.* at 18. He highlights his own testimony that Victim's conduct prompted him to grab Victim by the back of the neck in order to restrain her and that he never intended to strangle or choke Victim. *Id.*

Before we address the merits of this issue, we first consider whether Appellant has preserved it for review. It is well-settled that any issues not raised in a Rule 1925(b) statement will be deemed waived. *Commonwealth*

*v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).  Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, that in a statement of matters complained of on appeal, an appellant "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge[,]" and issues that are not properly raised are deemed waived.  Pa.R.A.P. 1925(b)(4).  "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient."  **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013).  Compliance with Rule 1925(b) is mandatory and we do not have authority to permit departures from the rule's requirements.  **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

In his Rule 1925(b) Statement, Appellant did not raise the issue he now sets forth in his brief challenging the sufficiency of Commonwealth's evidence proving the *mens rea* element of the offense of Strangulation.  Rather, as set forth *supra*, Appellant challenged the sufficiency of the evidence demonstrating that he committed the offense of Strangulation against a family or household member, thereby increasing the grading of the offense and the offense gravity score.

Because Appellant did not raise any issue pertaining to the sufficiency of the Commonwealth's evidence in support of the *mens rea* element of the

offense of Strangulation in his Rule 1925(b) statement, his first issue is waived.[7, 8]

In his second issue, Appellant argues that the Commonwealth presented insufficient evidence to prove that Appellant committed the offense of Strangulation while subject to an active PFA order and, as such, the trial court should not have applied "the enhancement."[9]   Appellant's Brief at 19-21. Appellant did not, however, include this issue in his statement of questions

_____

[7] Even if Appellant had preserved this claim it would fail as our *de novo* review of the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, indicates that Appellant grabbed Victim by the neck with two hands, which left marks on Victim's neck and caused her to have difficulty breathing.  This evidence is sufficient to prove that Appellant possessed the requisite *mens rea* to support a Strangulation conviction.  ***See Commonwealth v. Weitzel***, 304 A.3d 1219, 1225 (Pa. Super. 2008) (affirming Strangulation conviction where the defendant squeezed his victim's neck with both hands, leaving red marks, and causing the victim to have trouble breathing, explaining that "testimony of the victim that the defendant put pressure on her neck that caused difficulty breathing is [] sufficient to prove the elements of [S]trangulation").

[8] Appellant also claims, relying on Victim's testimony that she informed EMS workers immediately after the incident that she felt fine, was breathing fine, and did not need medical attention, that the Commonwealth did not prove beyond a reasonable doubt that he impaired Victim's breathing.  Appellant's Brief at 19.  Appellant likewise did not preserve this issue in his Rule 1925(b) statement, so it too is waived.

[9] Appellant appears here to conflate the increased grading of the Strangulation offense pursuant to 18 Pa.C.S. § 2718(d) with the "domestic violence enhancement" for sentencing purposes.  Here, the court expressly stated that while grading the offense as a first-degree felony was appropriate given Appellant's status as a person subject to a PFA order at the time he committed the offense, because the grading of the offense was already increased because of this status, it was not applying the "domestic violence enhancement" when sentencing Appellant for his Strangulation conviction.  N.T. Sent'g at 3-4.

involved and it not "fairly suggested thereby" as required by Pa.R.A.P. 2116.
*See* Pa.R.A.P. 2116(a) (providing "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see also Commonwealth v. Harris*, 979 A.2d 387, 397 (Pa. Super. 2009) ("[I]ssues to be resolved must be included in the statement of questions involved."); *Thomas v. Elash*, 781 A.2d 170, 176-77 (Pa. Super. 2001) ("[A]n appellant must present all issues on appeal in the [s]tatement of [q]uestions involved section of his brief.  This rule is to be considered in the highest degree mandatory, admitting of no exception[.]") (internal quotation marks omitted).  Accordingly, Appellant has waived this issue by failing to include it in his statement of questions involved.[10]

In his final issue, Appellant challenges the discretionary aspects of his sentence.  Appellant's Brief at 21-23.  In his statement of questions involved, Appellant contends that his sentence is excessive because the court failed to state sufficient reasons on the record to support the sentence.  *Id.* at 5.  In the argument section of his brief, however, Appellant argues that his sentence is excessive because the court "failed to adequately consider that [his] prior record score was fueled by a conviction for robbery approximately 25 years

---

[10] Moreover, even if he had not waived it, this issue would lack merit.  The record reflects that Appellant admitted at trial that he knew he was subject to an active PFA order that prevented him from entering Victim's home on the day of the incident and the trial court admitted into the record a copy of the PFA order.  Thus, contrary to Appellant's assertion, the Commonwealth did present evidence to support its contention that he was subject to a PFA order when he strangled Victim.

ago." *Id.* at 23 He asserts that "without this decades[-]old conviction, [] Appellant was facing a much lesser sentence." *Id.* Because Appellant failed to include in the statement of questions involved the specific discretionary aspects of sentencing claim upon which he presents his appellate argument, nor is it fairly suggested thereby, we find that Appellant has waived it.[11]

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2025

---

[11] Even if Appellant had not waived his discretionary aspects of sentencing claim, it would not entitle him to relief as our review of the notes of testimony from Appellant's sentencing hearing indicates that the court both considered, and fashioned Appellant's mitigated-range sentence based on, the presence of mitigating factors and the court placed its reasons for the sentence on the record. *See* N.T. Sent'g at 4, 23-25.