J-A26044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTEN GLENN | : | |
| | : | |
| Appellant | : | No. 1253 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 29, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006309-2017

BEFORE: BOWES, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: November 14, 2024**

Christen Glenn ("Appellant") appeals from the aggregate judgment of sentence of 20 to 40 years of incarceration imposed following his guilty plea to conspiracy to commit third-degree murder and other offenses. On appeal, Appellant's counsel, Rachael Santoriella, Esq., states that this appeal has no non-frivolous issues that Appellant can raise and, thus, counsel seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On June 7, 2023, Appellant entered a negotiated guilty plea to one count each of robbery – serious bodily injury (18 Pa.C.S. § 3701(a)(1)(i)), conspiracy to commit third-degree murder (18 Pa.C.S. § 903), and conspiracy to commit robbery (18 Pa.C.S. § 903). While the Commonwealth withdrew a

count of criminal homicide, there was no agreement on sentencing. The trial court explained the factual basis for the plea as follows:

> During his guilty plea colloquy, [Appellant] admitted that the facts contained in the [a]ffidavit of [p]robable [c]ause submitted in support of the original [c]riminal [c]omplaint were true and he agreed that those facts supported his guilty plea in this case. He acknowledged that on February 21, 2017, that he and three other persons decided to rob a cab driver. On that date, Ramadhan Mohamed was employed as a cab driver. At approximately 2:00 a.m. that morning, Mr. Mohamed responded to a residence believing he was going to pick up a fare. When he arrived at that location, he was violently dragged out of his vehicle by [Appellant] and three other people. [Appellant] and the others participated in the robbery and a violent assault of Mr. Mohamed. Mr. Mohammed [*sic*] died from the injuries sustained in the assault. An autopsy concluded that Mr. Mohamed died of blunt force trauma to his head.

Trial Court Opinion (TCO), 3/11/24, at 1-2.

Following receipt of a pre-sentence investigation (PSI) report, the trial court sentenced Appellant to serve 20 to 40 years of incarceration for his conviction of conspiracy to commit third-degree murder. On the conspiracy to commit robbery charge, the court imposed a concurrent sentence of 36 to 72 months. The court imposed no further penalty on the robbery conviction. Thus, Appellant's aggregate sentence was 20 to 40 years' incarceration.

Trial counsel filed a timely motion to reconsider sentence, which was denied. Trial counsel then filed a motion to withdraw as counsel of record, which was granted. Attorney Santoriella was appointed, and filed a timely notice of appeal on Appellant's behalf on October 18, 2023. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On July 21, 2024, Attorney Santoriella filed a petition to withdraw and an *Anders* brief. When faced with such a filing, this Court "must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted." *Commonwealth v. Weitzel*, 304 A.3d 1219, 1223 (Pa. Super. 2023).

Before withdrawing as counsel on a direct appeal under *Anders*, counsel must file a petition to withdraw stating that he or she has made a conscientious examination of the record and has determined that the appeal would be frivolous. *Commonwealth v. Watts*, 283 A.3d 1252, 1254 (Pa. Super. 2022). Counsel must also file a brief referring to any issues that might arguably support the appeal. *Id.* The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his or her client, advise the appellant of his or her right to retain a new lawyer or to proceed *pro se* on appeal, and inform the appellant that he or she may raise any additional points that the appellant deems worthy of the

court's attention. **Weitzel**, 304 A.3d at 1223. After determining that counsel has satisfied the technical requirements of **Anders** and **Santiago**, this Court must then "conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous." **Id.** at 1224.

Following review, we conclude that counsel has complied with each of the requirements under **Anders**. Attorney Santoriella indicates that she made a conscientious examination of the record, and her **Anders** brief includes a summary of the relevant factual and procedural history of the case, refers to the pertinent portions of the record, and sets forth the conclusion that Appellant's appeal is frivolous. Counsel also explains her reasoning in reaching that conclusion, and supports her rationale with citations to the record and pertinent legal authority. Further, the record includes counsel's petition to withdraw and, attached thereto, a copy of the letter sent to Appellant in which counsel informed him of his right to proceed *pro se*, to retain private counsel, or to withdraw his appeal. The letter further informed Appellant that he had the right to raise any additional points to this Court as he deemed necessary.[1] Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any

---

[1] To date, Appellant has not filed a *pro se* reply to counsel's **Anders** brief.

other, non-frivolous issues he could pursue on appeal.

In the **Anders** brief, counsel informs us that there is one issue that Appellant wishes to be reviewed – whether the sentence imposed was unduly harsh in that it focused only upon the seriousness of the offense and the impact the crime had on the victim's family, to the exclusion of Appellant's rehabilitative needs. Thus, Appellant seeks to challenge the discretionary aspects of the sentence imposed following his guilty plea.

"It is well settled that a plea of guilty amounts to a waiver of all non-jurisdictional defects and defenses." **Commonwealth v. Brown**, 240 A.3d 970, 972 (Pa. Super. 2020) (citation omitted). Generally, after the defendant enters a plea, he or she may only appeal "matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence." **Id.** (citation omitted). However, when a defendant enters an open plea agreement with no bargain for a specific or stated term of sentence, such as in the instant case, he or she is not precluded from appealing the discretionary aspects of the sentence imposed. **See id.**

In considering the discretionary aspects of Appellant's sentence, we note that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Lawrence**, 313 A.3d 265, 285 (Pa. Super. 2024). In this context, an abuse of discretion requires the sentencing court to have ignored or misapplied the law, otherwise acted with manifest

unreasonableness, or made its decision while exhibiting partiality, prejudice, bias, or ill-will; a sentence will be affirmed unless the sentencing court's determination suffers from such a lack of support so as to be clearly erroneous. *Id.*

Further, there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Morrobel*, 311 A.3d 1153, 1156 (Pa. Super. 2024) (citation and internal quotation marks omitted).

Here, Appellant has filed a timely notice of appeal, and he has preserved the issue regarding the discretionary aspects of his sentence via a timely post-sentence motion, fulfilling the first two requirements listed above. While counsel's *Anders* brief does not include a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence, as required by Pa.R.A.P. 2119(f), this is not fatal to our review. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (holding that the failure to include a Rule 2119(f) statement is not fatal to the review of a sentencing issue in an *Anders* case). Further, the Commonwealth has not objected to the lack of a Rule 2119(f) statement. *See Commonwealth*

*v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1988) (*en banc*) (noting that the Court will not review claims absent a Rule 2119(f) statement if the Commonwealth, as appellee, objects to the omission). We thus consider whether Appellant's claim constitutes a substantial question.

Whether an appellant raises a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Bishop***, 831 A.2d 656, 660 (Pa. Super. 2003). "In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Id.***

Attorney Santoriella states in the ***Anders*** brief that the challenge to the discretionary aspects of Appellant's sentence is frivolous because he cannot establish a substantial question. This is incorrect. Appellant raised the following claim: "Whether the trial court abused its discretion in sentencing Appellant to a harsh sentence of twenty to forty years of incarceration by focusing on retribution and the impact of the crime on the victim's family to the exclusion of other factors, such as the individualized need for the Appellant's rehabilitation?" ***Anders*** Brief at 4. An averment that a sentence is the result of the court's improperly focusing solely upon the seriousness of the offense, along with the claim that it failed to consider all relevant sentencing factors, raises a substantial question. ***Commonwealth v. Derrickson***, 242 A.3d 667, 680 (Pa. Super. 2020). Accordingly, we will consider the merits of Appellant's claim.

Our review of the discretionary aspects of Appellant's sentence is defined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1)   The sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2)   the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3)   the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c). Subsection (d) instructs that the appellate court, in reviewing the record, must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any PSI report; the findings upon which the sentence was based; and the sentencing guidelines. 42 Pa.C.S. § 9781(d). As long as the lower court was fully aware of all mitigating factors, the reviewing court is precluded from re-weighing these sentencing factors and imposing a sentence different from that imposed by the sentencing court. *Commonwealth v. Pisarchuk*, 306 A.3d 872, 880 (Pa. Super. 2023).

Presently, the trial court explained its sentencing calculus in its opinion

prepared pursuant to Pa.R.A.P. 1925, as follows:

> Notably, this [c]ourt was guided by the contents of the [PSI] report and the sentence imposed in this case was within the standard range of the sentencing guidelines, albeit at the high end. The [c]ourt clearly considered the effect [Appellant's] actions had on society. He pled guilty to homicide[2] and his actions in this case has the most extreme and serious impact on the community. He not only participated in an event that took the life of another member of the community, he conspired with three other people to violently rob and assault the innocent victim to such an extent that it resulted in the death of the victim. The imposed sentence will incapacitate [Appellant] for a substantial period of time, thereby addressing the public safety of the community. This [c]ourt also considered [Appellant's] prior criminal history and conduct. While his prior criminal record is not replete with acts of violence, [Appellant] does have an extensive juvenile record and a prior adult criminal record. His past involvement in the criminal justice system and the juvenile justice system did not deter him from engaging [in] the serious unlawful conduct in this case. This [c]ourt considered [Appellant's] rehabilitative needs in fashioning the appropriate sentence. Those needs can be addressed within the state correctional system. For these reasons, this [c]ourt was persuaded that the sentence imposed was appropriate. Accordingly, the sentence should not be disturbed.

TCO at 4-5.

We further note the sentencing guidelines applicable in this case. Appellant pled guilty to conspiracy to commit murder in the third degree, which is a first-degree felony with a maximum sentence of 40 years. Appellant had a prior record score of zero. The offense gravity score on this count is 14. Thus, a standard range sentence on this count provides for a minimum sentence of 72 to 240 months (6 to 20 years). Appellant was sentenced to a

---

[2] As noted above, Appellant entered a negotiated guilty plea to conspiracy to commit third-degree murder, robbery, and conspiracy to commit robbery.

term of 20 to 40 years, which is a standard range sentence. ***See Commonwealth v. Mrozik***, 213 A.3d 273, 277 n.6 (Pa. Super. 2019) (noting that the ranges provided in the Sentencing Guidelines refer to an offender's minimum sentence term). Appellant was also deemed to be ineligible for the Recidivism Risk Reduction Incentive (RRRI) program, 61 Pa.C.S. §§ 4501-4512, and was awarded 2,376 days of time credit.

For conspiracy to commit robbery, another felony of the first-degree, the offense gravity score was 11. Thus, for a defendant with a prior record score of zero, like Appellant, the standard range of the sentencing guidelines provides for a minimum sentence of 36 to 54 months. Appellant was sentenced to a term of 36 to 72 months of imprisonment, concurrent to the sentence imposed for conspiracy to commit murder in the third degree. This was also a standard range sentence.

Based upon our review of the record, we find that the trial court did not abuse its discretion in fashioning Appellant's standard range sentence. Nothing in the trial court's discussion suggests that it unduly focused upon retribution or the impact of the crime on the victim's family. To the contrary, the trial court stressed that it had considered the contents of Appellant's PSI report; accordingly, we presume that the court was aware of the information contained therein and considered it during its sentence computation. ***Commonwealth v. Torres***, 303 A.3d 1058, 1065 (Pa. Super. 2023). The trial court also was cognizant of the sentencing guidelines, and sentenced

Appellant in the standard range therein.[3] The trial court considered the effect Appellant's actions had on society, including the fact that an innocent person lost his life, which is appropriate under the Sentencing Code. *Pisarchuk*, 306 A.3d at 883. Appellant's past criminal history, including a juvenile record, was considered as evidence that Appellant has been unable to refrain from engaging in serious, unlawful conduct while in the community. Finally, the trial court stated that it considered Appellant's rehabilitative needs, and concluded that the state correctional system can best address those needs.

In light of this record, we conclude that Appellant's claims that his standard-range sentence is unduly harsh and that the trial court failed to consider his individualized rehabilitative needs are frivolous. Additionally, a review of the record reveals no other, non-frivolous issues that counsel could raise on Appellant's behalf. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/14/2024

---

[3] Because his sentence was in the standard range, Appellant must establish that the application of the guidelines in his case was "clearly unreasonable" pursuant to 42 Pa.C.S. § 9721(c)(2). This he does not do.

- 11 -