J-S32024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM LUIS GELATT | : | |
| | : | |
| Appellant | : | No. 434 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 5, 2024
In the Court of Common Pleas of Wayne County
Criminal Division at No: CP-64-CR-0000319-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM LUIS GELATT | : | |
| | : | |
| Appellant | : | No. 435 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 5, 2024
In the Court of Common Pleas of Wayne County
Criminal Division at No: CP-64-CR-0000320-2023

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 19, 2024**

Appellant, Adam Luis Gelatt, appeals from the judgments of sentence imposed by the Court of Common Pleas of Wayne County (trial court) as amended on January 5, 2024[1], following his guilty plea to biosecurity

---

[1] The trial court originally entered a judgment of sentence on January 4, 2024; however, the trial court amended its sentence on January 5, 2024, to reflect Appellant's time credit.

trespasser – fail to perform measures (CP-64-CR-319-2023) and simple assault (CP-64-CR-320-2023). Counsel has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). We agree with counsel and the trial court that Appellant's challenge to the discretionary aspects of his sentence are without merit. Therefore, we affirm the judgments of sentence and grant counsel's application to withdraw.

On November 30, 2023, Appellant pleaded guilty to simple assault and biosecurity trespasser on two unrelated dockets. In exchange, the Commonwealth withdrew two counts of loitering and prowling at nighttime, two counts of theft by unlawful taking, burglary, disorderly conduct, criminal mischief, and an additional count of biosecurity trespasser on docket number CR-319-2023, and two additional counts of simple assault, defiant trespass, and criminal trespass on docket number CR-320-2023. Sentencing was deferred for the completion of a presentence investigative report.

Following a hearing on January 4, 2024, Appellant was sentenced to 6 to 36 months on the biosecurity trespasser conviction, and a consecutive 12 to 24 months on the simple assault conviction. Appellant filed a post-sentence motion to modify his sentence, which was denied by the trial court. On January 30, 2024, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Thereafter, counsel filed an application to withdraw and an **Anders** brief, concluding that this appeal was frivolous.

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007). To withdraw pursuant to ***Anders***, counsel must:

(1)     petition the court for leave to withdraw stating that after making a conscientious examination of the record it has determined that the appeal would be frivolous;

(2)     file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3)     furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005). The ***Anders*** brief must comply with the following requirements:

(1)     provide a summary of the procedural history and facts, with citations to the record;

(2)     refer to anything in the record that counsel believes arguably supports the appeal;

(3)     set forth counsel's conclusion that the appeal is frivolous; and

(4)     state counsel's reasons for concluding that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "This Court first considers the issues raised by counsel in the ***Anders*** brief and determines whether they are in fact frivolous." ***Commonwealth v. Weitzel***, 304 A.3d 1219, 1224 (Pa. Super. 2023) (citing ***Commonwealth v. Yorgey***, 188 A.3d

1190, 1196-1197 (Pa. Super. 2018) (*en banc*)). "[I]f the Court finds all of those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel." *Id.*

After review, we conclude counsel has satisfied the first requirement of *Anders* by filing a motion to withdraw, wherein he asserted that he made a conscientious review of the record and determined the appeal would be frivolous. Likewise, counsel has satisfied the second requirement by filing an *Anders* brief that complies with the requirements set forth in *Santiago, supra*. Lastly, counsel has attached to the motion to withdraw a copy of the letter sent to Appellant advising of his rights and enclosing a copy of the *Anders* brief. Therefore, we conclude that counsel has complied with the *Anders* requirements. We therefore may now proceed to undertake an independent examination of the record to determine whether the issues raised by counsel are frivolous, and then whether our independent review of the entire record reveals any other non-frivolous issues overlooked by counsel. *Weitzel, supra.*

Appellant raises a sole issue for our review: whether the trial court erred by sentencing Appellant to an unduly harsh and excessive sentence. Appellant's Brief, at 9. He argues that by running his sentences consecutively the trial court imposed an unduly harsh and excessive sentence. *Id.* at 17. Thus, Appellant challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right. ***Commonwealth v. Clemat***, 218 A.3d 944, 959 (Pa. Super. 2019). Rather, such challenges are considered petitions for allowance of appeal. ***Id.*** Thus, an appellant must invoke our jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Id.***

Here, Appellant filed a timely notice of appeal, preserved the issue in a motion to modify sentence and his brief does not have a fatal defect. Therefore, we must determine whether Appellant raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Appellant argues that the imposition of consecutive sentences was unduly harsh and excessive. Appellant's Brief, at 17. Generally, a trial court's exercise of discretion in imposing a sentence concurrently or consecutively does not raise a substantial question. *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015). A substantial question may be found where a defendant "receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence." *Commonwealth v. Faison*, 297 A.3d 810, 834 (Pa. Super. 2023), *appeal denied*, 320 A.3d 82 (Pa. 2024) (citation omitted). However, "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." *Id.* Here, Appellant does not argue that application of his sentencing guidelines was unreasonable. Rather, he presents a bald claim that the trial court should have imposed concurrent sentences. Therefore, we conclude that Appellant has failed to raise a substantial question justifying our review.

Even if Appellant raised a substantial question, he would not be entitled to relief. We review a trial court's sentencing determination for an abuse of discretion:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Zirkle*, 107 A.3d at 132.

When imposing a sentence, a trial court is required to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant," and state its reason for the sentence on the record. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006). Where the court had the benefit of a presentence investigation ("PSI"), we can assume the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Additionally, a sentence within the standard guidelines range is appropriate under the sentencing code. *Moury*, 992 A.2d at 171.

In the present case, Appellant's sentences are within the standard guideline ranges and the trial court had the benefit of a PSI when imposing the sentence.

Additionally, it should be noted that "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement. Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018) (internal citations and quotation marks omitted).

Appellant is not entitled to a "volume discount" on his multiple convictions by the imposition of concurrent sentences. *See*, *e.g.*, *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995).

In sum, Appellant did not raise a substantial question, but if he had, the trial court did not abuse its discretion when it sentenced him.

Accordingly, we agree with counsel's determination that the issues presented in the *Anders* brief are meritless. In addition, our independent review of the record reveals no non-frivolous issues to be raised on appeal. *Weitzel*, *supra*. We therefore affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024