J-S12009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TWYLEAK SHAMALL SEXTON | : | |
| | : | |
| Appellant | : | No. 709 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 24, 2024
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0000940-2023

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                          **FILED JULY 18, 2025**

Appellant, Twyleak Shamall Sexton, appeals from the judgment of sentence imposed by the Court of Common Pleas of Northampton County on January 24, 2024, following his guilty plea to aggravated assault. Counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 268 U.S. 738 (1967). We agree with counsel that Appellant's challenge to the validity of his guilty plea is waived. Therefore, having found no other non-frivolous issues upon our review of the record, we affirm the judgment of sentence and grant counsel's application to withdraw.

On January 24, 2024, Appellant entered a negotiated plea to aggravated assault. In exchange, the Commonwealth withdrew one count of aggravated assault, possession of firearms prohibited and recklessly endangering another person. The trial court imposed a negotiated sentence of seven to 20 years imprisonment, followed by five years of consecutive probation. No post-

sentence motions were filed. On February 27, 2024, Appellant filed a notice of appeal. Thereafter, counsel filed an application to withdraw and an **Anders** brief, concluding that this appeal was frivolous.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007). To withdraw pursuant to **Anders**, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has determined that the appeal would be frivolous;
>
> (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and
>
> (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005). The **Anders** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "This Court first considers the issues raised by counsel in the *Anders* brief and determines whether they are in fact frivolous." *Commonwealth v. Weitzel*, 304 A.3d 1219, 1224 (Pa. Super. 2023) (citing *Commonwealth v. Yorgey*, 188 A.3d 1190, 1196-1197 (Pa. Super. 2018) (*en banc*)). "[I]f the Court finds all of those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel." *Id.*

After review, we conclude counsel has satisfied the first requirement of *Anders* by filing a motion to withdraw, wherein he asserted that he made a conscientious review of the record and determined the appeal would be frivolous. Likewise, counsel has satisfied the second requirement by filing an *Anders* brief that complies with the requirements set forth in *Santiago, supra*. Lastly, counsel has attached to the motion to withdraw a copy of the letter sent to Appellant advising of his rights and enclosing a copy of the *Anders* brief. Therefore, we conclude that counsel has complied with the *Anders* requirements. We therefore may now proceed to undertake an independent examination of the record to determine whether the issues raised by counsel are frivolous, and then whether our independent review of the entire record reveals any other non-frivolous issues overlooked by counsel. *Weitzel, supra.*

Appellant raises a sole issue challenging the validity of his plea for our review. Anders Brief, at 6. He claims that trial counsel erroneously advised

that he would be sentenced to life if he chose to go to trial.[1]  ***See*** Notice of Appeal, 2/27/24.

Pennsylvania law makes clear that by entering a guilty plea, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468 (Pa. Super. 2017).  "In order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion."  ***Id.*** at 469 (citation and quotation marks omitted).  Failure to employ either measure results in waiver.  ***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa. Super. 2013). "The purpose of this waiver rule is to allow the trial court to correct its error

---

[1] Except in limited circumstances, ineffective assistance of counsel claims must be deferred to review under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013).  Those exceptions are: (1) where a claim is apparent and meritorious on the record; (2) where a defendant raises multiple claims, shows good cause for direct review and expressly waives PCRA review; and (3) where the defendant is statutorily precluded from obtaining subsequent PCRA review.  ***Commonwealth v. Stefanowicz***, 315 A.3d 162, 172 (Pa. Super. 2024) (citation omitted).  None of those exceptions apply here; therefore, Appellant's ineffectiveness claim is deferred to PCRA review.  ***See Commonwealth v. Rosenthal***, 233 A.3d 880, 886 (Pa. Super. 2020) (appellant's ineffectiveness claim not cognizable on direct appeal and deferred to PCRA review; no exception applied); ***Commonwealth v. Moon***, 2020 WL 6821627, unpublished memorandum, *4 (Pa. Super. filed November 20, 2020) (claim of ineffective assistance of trial counsel raised on direct appeal in an ***Anders*** brief is premature "and must await collateral review."); ***Commonwealth v. Baldwin***, 2021 WL 2905361, unpublished memorandum, at *4 (Pa. Super. filed July 9, 2021) (same).

at the first opportunity, and, in so doing, further judicial efficiency. It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Monjaras-Amaya*, 163 A.3d at 469 (citation and quotation marks omitted).

Here, Appellant failed to either raise this challenge during his plea and sentence colloquy or file a post-sentence motion seeking to withdraw his plea. Rather, for the first time upon filing the notice of appeal, Appellant argued that his guilty plea was invalid. Thus, we conclude Appellant's challenge to the validity of his plea is waived.

Accordingly, we agree with counsel's determination that the issue presented in the *Anders* brief is waived. In addition, our independent review of the record reveals no non-frivolous issues to be raised on appeal. *Weitzel*, *supra*. We therefore affirm the judgment of sentence and grant counsel's application to withdraw.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2025

- 5 -