J-S27010-25

J-S27011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY THOMAS GRUBB | : | |
| | : | |
| Appellant | : | No. 475 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0000943-2024

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY THOMAS GRUBB | : | |
| | : | |
| Appellant | : | No. 476 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0001414-2024

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 24, 2025**

These appeals, which we consolidate for disposition pursuant to Pa.R.A.P. 513, concern identical issues, and we will address them together for ease of disposition. Appellant, Anthony Thomas Grubb, appeals from the

_____

[*] Former Justice specially assigned to the Superior Court.

judgment of sentence imposed on December 5, 2024, by the Court of Common Pleas of Chester County. Counsel has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). We agree with counsel that there are no non-frivolous issues to be raised on appeal. Therefore, we affirm the judgments of sentence and grant counsel's application to withdraw.

On December 5, 2024, Appellant entered negotiated guilty pleas in the above-captioned dockets. At docket CP-15-CR-943-2024 (475 EDA 2025), Appellant pleaded guilty to one count of fleeing and eluding and was sentenced to nine to 23 months imprisonment. At docket CP-15-CR-1414-2024 (476 EDA 2025), Appellant pleaded guilty to one count each of fleeing and eluding and accidents involving damage to attended vehicles. He was sentenced to an aggregate five to 23 months imprisonment, concurrent with docket 943-2024, followed by one year of probation. He received credit for time served and was immediately paroled on both dockets.

Immediately after sentencing on the above dockets, the trial court held a revocation hearing on docket CP-15-CR-1132-2022 wherein it found Appellant violated his probation, revoked his probation and sentenced him to one to two years imprisonment in a state correctional institute. He was given credit for time served and determined to be eligible for the State Drug Treatment Program.

J-S27010-25

J-S27011-25

On December 12, 2024, Appellant filed a post-sentence motion on dockets 943-2024 and 1414-2024. The trial court denied the motion on February 12, 2025. These appeals followed.[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925. Thereafter, counsel filed an application to withdraw and an **Anders** brief, concluding that this appeal was frivolous.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). To withdraw pursuant to **Anders**, counsel must:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has determined that the appeal would be frivolous;

(2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

**Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). The **Anders** brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

---

[1] Appellant also filed an appeal on docket 1132-2022, but it was quashed as untimely by this Court. **See** 135 EDA 2025.

- 3 -

(3)     set forth counsel's conclusion that the appeal is frivolous; and

(4)     state counsel's reasons for concluding that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  "This Court first considers the issues raised by counsel in the ***Anders*** brief and determines whether they are in fact frivolous."  ***Commonwealth v. Weitzel***, 304 A.3d 1219, 1224 (Pa. Super. 2023) (citing ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196-1197 (Pa. Super. 2018) (*en banc*)).  "[I]f the Court finds all of those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel."  ***Id.***

After review, we conclude counsel has satisfied the first requirement of ***Anders*** by filing a motion to withdraw, wherein he asserted that he made a conscientious review of the record and determined the appeal would be frivolous.  Likewise, counsel has satisfied the second requirement by filing an ***Anders*** brief that complies with the requirements set forth in ***Santiago, supra***.  Lastly, counsel has attached to the motion to withdraw a copy of the letter sent to Appellant advising of his rights and enclosing a copy of the ***Anders*** brief.  Therefore, we conclude that counsel has complied with the ***Anders*** requirements. We therefore may proceed to undertake an independent examination of the record to determine whether the issues raised by counsel are frivolous, and then whether our independent review of the

entire record reveals any other non-frivolous issues overlooked by counsel. ***Weitzel, supra.***

On appeal, Appellant argues that the trial court abused its discretion when it imposed a state sentence with State Drug Treatment Program eligibility following revocation of his initial sentence. Appellant also claims trial counsel was ineffective by not properly advising him of the impact of his guilty pleas on his violation of probation hearing.

Appellant's first issue involves a challenge to the discretionary aspects of his revocation sentence. As that appeal (135 EDA 2025) was quashed as untimely, it is not before us.

As for Appellant's second issue, claims of ineffective assistance of counsel are deferred to review under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). The ***Holmes*** Court carved out two exceptions to the general rule: (1) where the ineffectiveness claim is "both meritorious and apparent from the record so that immediate consideration and relief is warranted;" and (2) when the defendant raises multiple and comprehensive ineffectiveness claim which the court, in its discretion and for good cause shown, determines post-verdict review is warranted and the defendant waives his right to PCRA review. ***Id.*** at 577-78. Subsequently, our Supreme Court adopted a third exception "requiring trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining

subsequent PCRA review." ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018).

Appellant claims counsel was ineffective by not properly advising him that by pleading guilty on the above dockets, he would be subject to a violation hearing on docket 1132-2022. This claim must be deferred for PCRA review as none of the exceptions are present here.

The claim is not apparent from the record. Appellant entered a negotiated guilty plea on both dockets. He acknowledged in the written colloquy that his plea "may have other collateral consequences," such as "a probation or parole violation, if I am currently under supervision." Guilty Plea Colloquy, 12/5/24, ¶ 5. The trial court also conducted an oral colloquy on the record prior to accepting Appellant's pleas. N.T., 12/5/24, at 7-11. Appellant stated that he read the written colloquy before he initialed and signed the document. ***Id.*** at 9. Significantly, Appellant acknowledged that his pleas may result in a violation of his prior conviction:

> THE COURT: And you are aware that these pleas may be a violation of [your] probation or parole and may result in the imposition of an additional penalty in that case or cases?
>
> THE [DEFENDANT]: Yes.

***Id.*** at 10. Thus, the first ***Holmes*** exception is not applicable.

Appellant did not raise multiple claims of ineffectiveness, the trial court did not find that said claims warranted relief and Appellant did not waive PCRA review. Therefore, the second **Holmes** exception is not applicable.

Lastly, Appellant is not statutorily precluded from obtaining subsequent PCRA review. On December 5, 2024, he was sentenced to an aggregate term of nine to 23 months of imprisonment, followed by one year of consecutive probation. By our calculations, taking into consideration Appellant's time credit, he will be serving a sentence until at least February 5, 2027. Appellant will have sufficient time to file a timely PCRA after disposition of this appeal. Therefore, none of the exceptions to the general rule that ineffectiveness claims are deferred to PCRA review are present in this case.

Accordingly, we agree with counsel's determination that the issues presented in the **Anders** brief are meritless. In addition, our independent review of the record reveals no non-frivolous issues to be raised on appeal. **Weitzel**, **supra**. We therefore affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

J-S27010-25

J-S27011-25

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/24/2025

- 8 -