J-S10039-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. BREHA | : | |
| | : | |
| Appellant | : | No. 1110 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered March 3, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002728-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. BREHA | : | |
| | : | |
| Appellant | : | No. 1111 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered March 3, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003531-2021

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 5, 2026**

Appellant, William J. Breha, appeals from the aggregate judgment of sentence of 90 to 180 months of incarceration imposed after he entered guilty pleas in both of the above-captioned matters.  Additionally, Appellant's counsel, Matthew P. Kelly, Esq., ("Appellate Counsel"), requests permission to withdraw from further representation pursuant to **Anders v. California**, 386

A.2d 738 (Pa. 1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After review, we affirm the judgment of sentence and grant Appellate Counsel's petition to withdraw.

On October 2, 2024, Appellant entered an open guilty plea at trial court docket 2728-2022 ("2728-2022") to two counts of corrupt organizations, four counts of criminal conspiracy, five counts of possession of a controlled substance with intent to deliver, one count of criminal use of a communication facility, and two counts of possession of a controlled substance. **See** Trial Court Opinion (TCO), 10/30/25 at 1-2. On March 3, 2025, at trial court docket 3531-2021 ("3531-2021"), Appellant entered an open guilty plea to one count each of theft by unlawful taking and fleeing or attempting to elude. **See id.** at 2.

On March 3, 2025, the trial court sentenced Appellant to an aggregate term of 72 to 144 months of incarceration at 2728-2022. **See id.** at 2-3. At 3531-2021, the trial court sentenced Appellant to 21 to 42 months of incarceration for theft by unlawful taking, which was ordered to be served concurrently to the sentence imposed at 2728-2022. **Id.** at 3. Also at 3531-2021, the trial court sentenced Appellant to a term of 18 to 36 months of incarceration for fleeing or attempting to elude, which the trial court ordered Appellant to serve consecutively to the sentences imposed at 2728-2022. **See id.** This resulted in an aggregate sentence at both trial court dockets of 90 to

180 months of incarceration.[1]  **_See id._**; **_see also_** N.T., Sentencing, 3/3/25, at

14-18.

_____

[1] The individual sentences were as follows:

[2728-2022]:

Count 1: Corrupt organizations, 30-60 months;

Count 2: Corrupt organizations, 30-60 months concurrent with count 1;

Count 3: Conspiracy to manufacture, deliver, or possess with the intent to deliver 10-50 grams of methamphetamine, 30-60 months concurrent to count 2;

Count 4: Conspiracy to manufacture, deliver, or possess with the intent to deliver 10-50 grams of fentanyl, 72-144 months concurrent to count 3;

Count 5: Conspiracy to manufacture, deliver, or possess with the intent to deliver 10-50 grams of methamphetamine, merged with count 3;

Count 6: Conspiracy to manufacture, deliver, or possess with the intent to deliver 10-50 grams of methamphetamine, merged with count 4;

Count 7: Manufacture, deliver, or possess with the intent to deliver 1-10 grams of fentanyl, 72-144 months concurrent to count 4;

Count 8: Manufacture, deliver, or possess with the intent to deliver under 1 gram of fentanyl, 72-144 months concurrent to count 7,

Count 9: Manufacture, deliver, or possess with the intent to deliver 1-10 grams of fentanyl, 72-144 months concurrent to count 8;

Count 10: Criminal use of a communication facility, 18-36 months concurrent to count 9;

_(Footnote Continued Next Page)_

On March 10, 2025, Appellant filed a post-sentence motion to modify sentence that was denied by operation of law on August 6, 2025. Appellant filed a timely notice of appeal at each trial court docket,[2] and both the trial court and Appellant have complied with Pa.R.A.P. 1925.

In the **Anders** brief, Appellate Counsel identifies one issue which might arguably support an appeal. **Anders** Brief at 1, 7-9. This issue challenges the discretionary aspects of the sentences imposed. **See id.** at 7-9.

_____

> Count 11: Manufacture, deliver, or possess with the intent to deliver under 1 gram of fentanyl, 30-60 months concurrent to count 10;
>
> Count 12: Manufacture, deliver, or possess with the intent to deliver 10-50 grams of methamphetamine, 30-60 months concurrent to count 11;
>
> Count 13: Possession of a controlled substance, fentanyl, merged with count 11;
>
> Count 14: Possession of a controlled substance, methamphetamine, merged with count 12.
>
> [3531-2021]:
>
> Count 1: Theft by unlawful taking, 21-42 months concurrent to case 2728 of 2022;
>
> Count 2: Fleeing or attempting to elude, 18-36 months **consecutive** to case 2728 of 2022.

TCO at 2-3 (footnotes omitted and emphasis added). Only count 2 at 3531-2021 was ordered to be served consecutively to another sentence. **See id.** at 3.

[2] The appeals were consolidated pursuant to Pa.R.A.P. 513. **See** Order 10/17/25.

Before we determine whether the issue Appellate Counsel identified is frivolous, we must first address the petition to withdraw. When presented with a petition to withdraw, this Court "must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted." *Commonwealth v. Weitzel*, 304 A.3d 1219, 1223 (Pa. Super. 2023). When seeking to withdraw as counsel on a direct appeal under *Anders*,

> counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient *Anders* brief; and (3) provide a copy of the *Anders* brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention.

*Id.* Furthermore:

> [A]n *Anders* brief must comply with all the following requirements:
>
>> [T]he *Anders* brief ... must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 1223-24 (citing *Santiago*, 978 A.2d at 361). After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court will then "conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly

frivolous." *Id.* at 1224.[3]  This independent review requires that we "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, Appellate Counsel indicates that he made a conscientious examination of the record,[4] and the ***Anders*** brief includes a summary of the relevant history of the case, refers to the pertinent portions of the record in his analysis of arguable appellate issues, and sets forth the conclusion that Appellant's appeal is frivolous.  ***Anders*** Brief at 3-9.  Appellate Counsel also explains his reasoning in reaching that conclusion and supports his rationale with citations to the record and pertinent legal authority.  ***Id.*** at 8-9.  Further, the record includes Appellate Counsel's petition to withdraw and a copy of the letter he sent to Appellant in which Appellate Counsel informed Appellant of his right to proceed *pro se* or retain private counsel.[5]  We conclude that Appellate Counsel has substantially complied with the technical requirements for withdrawal.

---

[3] In the context of an ***Anders*** analysis, an appeal is frivolous where "the appeal lacks any basis in law or fact." ***Santiago***, 978 A.2d at 356 (quoting ***McCoy v. Wisconsin***, 486 U.S. 429, 438 n.10 (1988)).

[4] ***See*** Petition to Withdraw, 12/4/25 (single page).

[5] Appellant has not filed a reply to counsel's ***Anders*** brief.

As stated above, Appellate Counsel identified an issue concerning the discretionary aspects of Appellant's sentence that might arguably support an appeal. *See Anders* Brief at 1, 7-9. We note that there is no absolute right to appeal when challenging the discretionary aspect of a sentence, even in instances where counsel files an *Anders* brief. *See, e.g., Commonwealth v. Thompson*, 333 A.3d 461, 467 (Pa. Super. 2025). Before reaching the merits of such claims we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Id.* (citation omitted).

Here, Appellant filed a post-sentence motion for modification of his sentence, a timely notice of appeal, and the *Anders* brief contains a Rule 2119(f) statement. However, we note that the post-sentence motion only asked the trial court to make the lone consecutive sentence at 3531-2021 into a concurrent sentence due to mitigating factors. *See* Post-Sentence Motion, 3/10/25, at ¶4. The post-sentence motion did not allege that the trial court abused its discretion in imposing any of the sentences at 2728-2022, assert that the duration of any individual sentence was excessive, or raise any other challenge to the discretionary aspects of Appellant's sentence. *See id.* Therefore, the only issue challenging the discretionary aspects of Appellant's sentence preserved for appeal is limited to the issue actually raised concerning

Appellant's request to have the consecutive sentence at 3531-2021 amended to be a concurrent sentence. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (explaining that challenges to the discretionary aspects of a sentence must be included in a post sentence motion); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

As a general rule, "the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal." *Commonwealth v. Morrobel*, 311 A.3d 1153, 1157 (Pa. Super. 2024) (citation omitted). However, this Court has concluded that when an appellant alleges that the court failed to consider mitigating factors, in conjunction with a claim that a court abused its discretion by imposing consecutive sentences, a substantial question is raised. *See id.* at 1157-58.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and community, and the rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (cleaned up). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a

- 9 -

whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Furthermore, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered). "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171 (citation omitted).

The balancing of sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors." *Id.* (citation omitted).

Here, the trial court addressed this issue as follows:

In this matter, the court acknowledged reviewing the PSI at the time of sentencing and considered all submissions made during the sentencing hearing before imposing sentence. This included [Appellant's] acceptance of responsibility by way of guilty plea; [Appellant's] remorse; [Appellant's] age and level of education; that [Appellant] was cooperative once arrested; and that [Appellant] suffers from substance use disorder. The court did

- 10 -

consider [Appellant's] age, education, remorse, and cooperation prior to imposing sentence in these matters. Additionally, the court considered that [Appellant] presented with a prior record score of 5 to include a prior drug trafficking offense, and that case 2728 of 2022 involved a several[-]month[-]long investigation conducted by the Attorney General's Office in combination with the Luzerne County Drug Task Force where [Appellant] was intercepted multiple times obtaining fentanyl and methamphetamine for the purpose of distributing them to others.

In our judgment, the imposition of an aggregate incarceration sentence of no less than 90 months nor more than 180 months is an appropriate sentence in light of the record and circumstances presented. The court reviewed the PSI, considered all the required factors and imposed an appropriate standard range sentence consistent with statutory requirements and the sentencing guidelines.

TCO at 7.

We discern no abuse of discretion in the trial court opting to run a single sentence at 3531-2021 consecutively to all other concurrent sentences. As noted, the trial court considered the mitigating factors including Appellant's age, remorse, education, substance use, and cooperation with police. *See id.* Additionally, the trial court had the benefit of a PSI report that it reviewed prior to imposing sentence. *See id.* Where the trial court reviewed the PSI report, we presume the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *Kurtz*, 294 A.3d at 536. This Court will not reweigh the trial court's consideration of sentencing factors on appeal. *See Kurtz*, 294 A.3d at 536. Moreover, Appellant received sentences in the standard range of the sentencing guidelines,[6] and "where a sentence is within the standard range of

_____

[6] *See* N.T., 3/3/25, at 14; TCO at 4, 7.

- 11 -

the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171 (citation omitted). After review, we agree with Appellate Counsel's assessment of this issue.

In sum, we conclude that an appeal challenging the discretionary aspect of Appellant's sentence would be wholly frivolous. *Weitzel*, 304 A.3d at 1223; *Santiago*, 978 A.2d at 356. Furthermore, after undertaking an independent review of the record, we conclude that there are no preserved non-frivolous issues Appellant could raise on appeal. *Dempster*, 187 A.3d at 272. Accordingly, we affirm Appellant's judgment of sentence and grant Appellate Counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/05/2026