J-S11004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GLEN THIRKIELD :
:
Appellant : No. 381 WDA 2025

Appeal from the Judgment of Sentence Entered September 30, 2024
In the Court of Common Pleas of Erie County
Criminal Division at No:  CP-25-CR-0002347-2022

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED: May 26, 2026**

Appellant, Glen Thirkield, appeals from his judgment of sentence of 108-216 months' imprisonment for persons not to possess firearms.  Counsel for Appellant has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 268 U.S. 738 (1967).  We grant counsel leave to withdraw and affirm Appellant's judgment of sentence.

On February 28, 2024, Appellant entered a guilty plea to the above firearms offense.  Prior to entering his plea, he signed a form acknowledging that was no promise or threat of any kind that induced him to plead guilty.  Furthermore, prior to entry of his plea, the prosecutor stated on the record that Appellant signed a form that stated he made his plea voluntarily without any pressure or promise not reflected on the form, and he fully understood all of your rights in choosing to plead guilty.  N.T., 2/28/24, at 3.  Appellant acknowledged that he was present in the courtroom when counsel went over

the form with him, and that he understood the contents of the form. ***Id.*** at 8. The prosecutor informed Appellant that his crime was a felony of the first degree that carried up to $25,000.00 in fines and up to a possible maximum sentence of 20 years' incarceration. ***Id.*** Appellant acknowledged that he had no questions about what counsel told him. ***Id.*** at 9.

The prosecutor read the elements of persons not to possess firearms to Appellant. ***Id.*** The prosecutor stated that Appellant was charged with possessing "a loaded Taurus .357 caliber revolver" on July 22, 2022. ***Id.*** The prosecutor continued, "You did possess that in the area of 742 19 East 22nd Street in the City of Erie." ***Id.*** The prosecutor asked whether Appellant pled guilty or not guilty. Appellant answered, "Guilty." ***Id.***

Prior to sentencing, Appellant filed a Post Conviction Relief Act ("PCRA")[1] petition. On May 2, 2024, the trial court dismissed this petition as premature.

On September 30, 2024, the court entered sentence. No post-sentence motions were filed in the next ten days; nor was a notice of appeal filed within thirty days after sentencing. On January 12, 2025, Appellant filed a timely PCRA petition alleging that the Commonwealth promised that Appellant would receive a sentence of five to ten years, and therefore defense counsel was ineffective for failing to object, either at sentencing or in post-sentence motions, to the lengthier sentence of 108-216 months. Appellant requested that either (1) his guilty plea be withdrawn and his sentence be vacated, or

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

(2) that the court resentence him to 5-10 years' imprisonment. Seventeen days later, on January 29, 2025, the court ordered:

> Upon consideration of [Appellant's] *pro se* January 12, 2025, PCRA Petition requesting relief in the nature of a Motion to reinstate post-sentence and appellate rights *nunc pro tunc*, it is hereby ORDERED that the petition is granted and Tina Fryling, Esquire is hereby appointed to represent [Appellant] in this matter. Counsel shall file a post-sentence motion within 30 days.

Order, 1/29/25.[2]

On February 24, 2025, attorney Fryling filed a post-sentence motion alleging that "trial counsel was ineffective in 'promising' [Appellant] that he would receive a 5-10 year sentence and [Appellant's] entry of a plea was based on that promise, and thus, his plea was not entered knowingly and voluntarily." Post-Sentence Motions, 2/24/25 at ¶ 6. Four days later, on February 28, 2025, the court denied Appellant's motion,[3] stating "[Appellant] specifically acknowledged under oath at the guilty plea that no promises were made to him, and that the judge decides the sentence. Moreover, he was sentenced in the mitigated range." Order, 2/28/25.

Appellant filed a timely appeal to this Court. In this Court, attorney Fryling filed a motion for a remand to appoint new counsel. On April 25, 2025, this Court remanded the case for a hearing under **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Appellant desired to

---

[2] The Commonwealth did not file an answer to Appellant's petition prior to this order.

[3] The Commonwealth did not file a response to Appellant's motion prior to this order.

proceed *pro se* or with new counsel. On June 27, 2025, following a **Grazier** hearing, the trial court allowed attorney Fryling to withdraw her appearance. The court appointed William Hathaway, Esquire to represent Appellant in his appeal.

On August 4, 2025, attorney Hathaway filed a notice of intent to file an **Anders** brief in lieu of a concise statement of matters on appeal. Attorney Hathaway stated that there were no non-frivolous issues to raise in this appeal. On September 11, 2025, the trial court filed a short statement in lieu of an opinion advising that there no non-frivolous issues in this appeal.

On December 15, 2025, attorney Hathaway filed an **Anders** brief in this Court. On January 16, 2026, this Court ordered attorney Hathaway to file a petition to withdraw as counsel in accordance with **Anders** and serve a copy on Appellant. On February 17, 2026, counsel sent an application to withdraw as counsel to Appellant.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). To withdraw pursuant to **Anders**, counsel must:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has determined that the appeal would be frivolous;

(2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

      (3)    furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005). The ***Anders*** brief must comply with the following requirements:

      (1)    provide a summary of the procedural history and facts, with citations to the record;

      (2)    refer to anything in the record that counsel believes arguably supports the appeal;

      (3)    set forth counsel's conclusion that the appeal is frivolous; and

      (4)    state counsel's reasons for concluding that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "This Court first considers the issues raised by counsel in the ***Anders*** brief and determines whether they are in fact frivolous." ***Commonwealth v. Weitzel***, 304 A.3d 1219, 1224 (Pa. Super. 2023) (citing ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196-1197 (Pa. Super. 2018) (*en banc*)). "[I]f the Court finds all of those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel." ***Id.***

The ***Anders*** brief substantially complies with the requirements set forth in ***Santiago***. Although the brief does not contain a procedural and factual summary with citations to the record, it identifies the issues that Appellant wishes to raise and explains why attorney Hathaway considers the appeal

frivolous.[4]  The **Anders** brief observed that Appellant wishes to raise two claims on direct appeal.  The first claim is that guilty plea counsel was ineffective in promising Appellant that he would receive a 5-10 year sentence, since (1) Appellant entered his guilty plea was based on that promise, (2) the court entered a lengthier sentence, and therefore (3) his plea was not entered knowingly and voluntarily.  The second claim is that counsel was ineffective for failing to raise a speedy trial issue under Pa.R.Crim.P. 600.[5]  The **Anders** brief concludes that these issues are frivolous within the context of this direct appeal because they must be raised in a PCRA petition.  The **Anders** brief also includes the trial court's statement in lieu of opinion and counsel's letter advising Appellant of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005).  The brief contains proof of service on Appellant.  Furthermore, attorney Hathaway complied with our order to file an application to withdraw as counsel and serve a copy of this application to Appellant.[6]

Accordingly, we turn to the claims that Appellant wishes to raise on direct appeal.  We agree with the analysis in the **Anders** brief that this Court

---

[4] Attorney Hathaway concludes that this direct appeal is frivolous because Appellant's claim that attempts to raise must be raised under the PCRA

[5] It does not appear that Appellant raised a Rule 600 issue at any prior point in this case.

[6] On April 20, 2026, Appellant filed a *pro se* response to the **Anders** brief. The Commonwealth has not filed a brief in this Court.

lacks jurisdiction to address these claims on direct appeal. Instead, they must be raised in a PCRA petition.

Claims of ineffective assistance of trial counsel, such as the present claims, fall within the purview of the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). Consequently, most claims of ineffective assistance cannot be raised in post-sentence motions or on direct appeal; they can only be raised after waiver or exhaustion of direct appeal rights. **Leslie**, 757 A.2d at 985; **see also Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726, 738 (2002) ("we now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review").

Our Supreme Court has recognized limited circumstances in which ineffectiveness claims can be raised in a post-sentence motion. The first exception applies to extraordinary circumstances in which "the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice." **Commonwealth v. Delgros**, 646 Pa. 27, 31, 183 A.3d 352, 355 (2018) (citing **Commonwealth v. Holmes**, 621 Pa. 595, 79 A.3d 562, 563–64 (2013)). The second exception applies "where there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review from his conviction and sentence." **Delgros**, 183 A.3d at 355 (citing **Holmes**, 79 A.3d 562, 563–64). The Court also has recognized a third exception allowing "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily

precluded from obtaining subsequent PCRA review." ***Delgros***, 183 A.3d at 361 (trial court may examine ineffectiveness claim in post-sentence motions where defendant is ineligible for statutory collateral review because he was sentenced to pay fine without incarceration or probation).

With respect to the second exception (good cause/PCRA waiver exception), the ***Holmes*** court specifically explained:

> [W]here the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged *is preceded by* the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time.

***Id.***, 79 A.3d at 563-64 (emphasis added).

Presently, the first ***Holmes*** exception does not apply, because the claims of ineffectiveness that Appellant attempts to raise are not apparent from the record. Nor does the second exception apply, because Appellant did not make any attempt to comply with the procedure for waiving direct appeal rights called for under ***Holmes.*** Lastly, the third exception does not apply, because Appellant is sentenced to imprisonment and therefore is not statutorily precluded from obtaining PCRA review.

Because none of the **Holmes** exceptions applies, Appellant cannot raise claims of ineffectiveness in post-sentence motions or in a direct appeal. Thus, these issues are frivolous in the context of a direct appeal; they must be raised in a timely PCRA petition and litigated in accordance with PCRA procedures. In addition, our independent review of the record reveals no non-frivolous issues to be raised on appeal. **Weitzel**, **supra**.

We therefore affirm the judgment of sentence and grant counsel's application to withdraw.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/26/2026